UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER YVON,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CITY OF OCEANSIDE, a California Municipal Corporation,<br><br>　　　　　　　　　　Defendant. | Case No.: 16-CV-1640-AJB-WVG<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISSOLVE PRELIMINARY INJUNCTION**<br><br>(Doc. No. 19) |

Presently before the Court is Defendant City of Oceanside's ("City") motion to dissolve, modify, and/or stay the preliminary injunction issued by the Court on August 11, 2016. (Doc. No. 19.) Plaintiff Christopher Yvon ("Yvon") opposes the motion. (Doc. No. 21.) Having reviewed the parties' moving papers and controlling legal authority, and pursuant to Local Civil Rule 7.1.d.1, the Court finds the matter suitable for disposition on the papers without oral argument. Accordingly, the motion hearing date currently set for *<u>October 6, 2016</u>*, is hereby **VACATED**. For the reasons set forth below, the Court **GRANTS** the City's motion.

## BACKGROUND

This dispute arises from Yvon's attempt to open a tattoo studio at 609 Vista Way in

Oceanside, California.[1] To date, Yvon has been unsuccessful in this attempt because his desired location was, until recently, subject to the City's 1986 Zoning Ordinance ("1986 Ordinance") and the administrative provisions of the 1992 Zoning Ordinance ("1992 Ordinance").[2] (Doc. No. 5-3 ¶ 14.) Section 1500 of the 1986 Ordinance ("CUP regulation") required persons seeking a business license to operate a tattoo business in Oceanside to obtain a conditional use permit ("CUP"). (Doc. No. 1 ¶ 10.) Furthermore, because section 1500.21 of the 1986 Ordinance classifies tattooing as a "regulated use," section 1500.23 imposes a location restriction, requiring such businesses to be at least 200 feet from residential properties and 1000 feet from any other regulated uses ("buffer zone regulation"). (*Id.* ¶ 13.)

On June 27, 2016, Yvon instituted this action by filing the operative complaint, bringing claims under 42 U.S.C. § 1983 for deprivation of his rights guaranteed by the First and Fourteenth Amendments of the United States Constitution, as well as deprivation of his right to free speech guaranteed by Article 1, Section 2 of the California state constitution. (*Id.* ¶¶ 17–23.) Two days later, Yvon filed an *ex parte* application asking the Court for a temporary restraining order to enjoin the City from enforcing the CUP and buffer zone regulations against him. (Doc. No. 3.) On July 8, 2016, the Court denied Yvon's *ex parte* application to the extent he sought a TRO, but otherwise construed the application as a motion for preliminary injunction. (Doc. No. 9 at 3–4.) The Court permitted both sides an additional opportunity to further brief the propriety of this injunctive relief, which they did. (Doc. Nos. 10, 11.)

---

[1] The Court summarized the facts of this case in its order granting Yvon's motion for preliminary injunction. (Doc. No. 15.) *See Yvon v. City of Oceanside*, --- F. Supp. 3d ---, 2016 WL 4238539 (S.D. Cal. 2016). The Court assumes familiarity with that order and will accordingly recite here only those facts necessary to understand the case's current posture with respect to the instant motion.

[2] However, according to the City, notwithstanding his failure to obtain the necessary business permits, Yvon has begun to operate his tattoo shop at this location. (Doc. No. 19-1 at 9; Burke Decl. at 3 ¶ 5.)

On August 11, 2016, the Court granted Yvon's request for a preliminary injunction. (Doc. No. 15.) *See Yvon v. City of Oceanside*, --- F. Supp. 3d ---, 2016 WL 4238539 (S.D. Cal. 2016). The Court defined the scope of the injunction as prohibiting the City from enforcing sections 1501 through 1506 of Article 15 and the entire Article 15.2 of the 1986 Ordinance. *Yvon*, 2016 WL 4238539, at *9. However, because the City had proffered evidence that it had already begun the process of repealing the 1986 Ordinance, the Court stayed implementation of the injunction until October 14, 2016. *Id.*

The City filed its instant motion to dissolve, modify, and/or stay the preliminary injunction on September 8, 2016. (Doc. No. 19.) The City represents that the offending provisions of the 1986 Ordinance, those that are subject to the Court's preliminary injunction, have been repealed by the City Council. (Doc. No. 19-2 ["Burke Decl."] at 2 ¶¶ 2, 13.) The City further represents that an ordinance amending the 1992 Ordinance—the Ordinance now applicable to Yvon's location—has been introduced. (*Id.* at 2 ¶ 3; *see also* Burke Decl. Exh. 2.) This amendment, according to the City, addresses the Court's concerns over the 1992 Ordinance's constitutionality as expressed in its August 11, 2016, order. (*Id.*) Yvon opposes the City's motion, asking that the Court modify the injunction to apply to the 1992 Ordinance but to stay its implementation until November 11, 2016. (Doc. No. 21 at 1.) The City replied. (Doc. No. 22.) This order now follows.

## LEGAL STANDARD

"There is [] no dispute but that a sound judicial discretion may call for the modification of the terms of an injunctive decree if the circumstances, whether of law or fact, obtaining at the time of its issuance have changed, or new ones have since arisen." *Sys. Fed'n No. 91, Ry. Emps.' Dep't v. Wright*, 364 U.S. 642, 647 (1961); *see A&M Records, Inc. v. Napster, Inc.*, 284 F.3d 1091, 1098 (9th Cir. 2002) ("A district court has inherent authority to modify a preliminary injunction in consideration of new facts."). This discretion to modify or dissolve a preliminary injunction is broad. *Santos v. Reverse Mortg. Solutions, Inc.*, No. 12-3296-SC, 2012 WL 4891597, at *7 (N.D. Cal. Oct. 12, 2012) (citing *Mariscal-Sandoval v. Ashcroft*, 370 F.3d 851, 859 (9th Cir. 2004) (Beezer, J., concurring)).

While "[f]irmness and stability must no doubt be attributed to continuing injunctive relief based on adjudicated facts and law," changed circumstances may nevertheless turn a preliminary injunction into "'an instrument of wrong.'" *Sys. Fed'n No. 91*, 364 U.S. at 647 (quoting *United States v. Swift & Co.*, 286 U.S. 106, 114–15 (1932).

## DISCUSSION

Here, the City represents that it "took the last formal act necessary to repeal Articles 15 and 15.2" of the 1986 Ordinance by way of Ordinance No. 16-OR0513-1 on August 10, 2016. (Doc. No. 19-1 at 5; Burke Decl. at 2 ¶ 2, 13.) The City argues that because this lawsuit and the preliminary injunction concern only the 1986 Ordinance, the injunction should be dissolved. (Doc. No. 19-1 at 5–7.) In opposition, Yvon "suggests that the injunction be modified to apply to the 1992 [O]rdinance recently made applicable to [his] location, and that the stay of the injunction be extended to [] November 11, 2016." (Doc. No. 21 at 1.)

The Court agrees with the City that it would be highly improper to modify the preliminary injunction to prohibit the City from enforcing an ordinance that is not the subject of this litigation as outlined in Yvon's complaint. Rather, the Court finds the appropriate course of action is to **DISSOLVE** the preliminary injunction that was entered August 11, 2016. That injunction worked to enjoin the City's enforcement of the offending provisions of the 1986 Ordinance. *Yvon*, 2016 WL 4238539, at *9. Because those provisions have been repealed, there are no provisions upon which the injunction may operate. As such, the Court finds the City has carried its burden "of establishing that a significant change in facts or law warrants revision or dissolution of the injunction."[3] *Alto*

---

[3] The Court acknowledges that the City Council repealed the offending provisions of the 1986 Ordinance on August 10, 2016, one day before the Court entered its order preliminarily enjoining the 1986 Ordinance's enforcement. However, because the Court decided Yvon's *ex parte* application on the papers, the City did not have an opportunity to inform the Court of the City Council's actions until after that order was entered. As such, the Court construes the City Council's actions as significant changes in fact following the entry of the Court's order.

*v. Black*, 738 F.3d 1111, 1120 (9th Cir. 2013) (quoting *Sharp v. Weston*, 233 F.3d 1166, 1170 (9th Cir. 2000)).

## CONCLUSION

Based on the foregoing, the Court **GRANTS** the City's motion to dissolve preliminary injunction, (Doc. No. 19), and **ORDERS** that the preliminary injunction entered August 11, 2016, (Doc. No. 15), be **DISSOLVED**. Should he choose to do so, Yvon is **GRANTED** *thirty days* after the 1992 Ordinance's effective date to amend his complaint. In other words, because the newly amended 1992 Ordinance will not become effective until November 11, 2016, Yvon may file an amended complaint no later than ***December 11, 2016***. Failure to amend the complaint will result in dismissal of this action with prejudice. Yvon may thereafter seek injunctive relief should he wish to do so.

**IT IS SO ORDERED.**

Dated: October 3, 2016

*[signature]*
Hon. Anthony J. Battaglia
United States District Judge